UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

        **Plaintiff,**

   -v-                                    Case No. CR-2-05-195 (4)
                                                     Judge Smith

**Chancy V. Roberson,**

        **Defendant.**

### OPINION AND ORDER

Defendant Chancy V. Roberson appeared before the Court on June 28, 2006, to present testimony on two pending motions, Motion for Reconsideration of Detention Order and Motion to Move up the Trial Date or, in the alternative, For a Severance.  Defendant requested release pending trial because the trial in this matter is not scheduled until October 23, 2006.  As decided from the bench and for the following reasons, the Court **GRANTS** Defendant's Motion for Reconsideration of the Detention Order, and **DENIES**, as moot, Defendant's Motion to Move up the Trial Date.

### I.  Background

On February 22, 2006, the Defendant was ordered detained by Magistrate Judge Abel.  There is a presumption that no conditions of release are adequate when a defendant has been indicted for a drug offense with a minimum 10 year prison term in accordance with 18 U.S.C. § 3142(f).  However, that presumption can be rebutted.  The Magistrate found that the Defendant did not overcome the rebuttable presumption of detention.

On June 6, 2006, Defendant filed a Motion for reconsideration of the detention order. Defendant asserts that he is not a flight risk, that he has been married for three years, was employed as a field supervisor at a cleaning company, and involved in his church prior to his arrest.  Further, Defendant argues that circumstances have changed since the original detention hearing, that the trial has been continued until October 23, 2006.  Defendant asserts that he is seeking an acquittal and if he is successful, all this time incarcerated will be wasted.

## II.  Discussion

A defendant may ask the district court to conduct a de novo review of a magistrate judge's order detaining defendant pending trial.  18 U.S.C. § 3145(b).  The district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings.  United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).  The factors a court should consider in determining whether to release a defendant pending trial include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

During the June 28th  hearing before this Court, counsel for the Defendant argued that the Defendant is not a risk to the community nor is he a flight risk.  The Government is not opposed to the Court considering release if the pretrial officer feels they are able to supervise the Defendant while on pretrial release.  Pretrial was consulted during the hearing and while opposed to the Motion, believed that if the Court was inclined to release the Defendant, certain conditions

would need to be imposed.  Defendant's employer also spoke during the hearing and said that Mr. Roberson was a hard worker and he would employ him upon his release.

### III.  Conclusion

After listening to arguments from both defense counsel and counsel for the Government at the hearing, the Court finds that Defendant's release would not pose a danger to the community as long as certain conditions of his release are imposed by pretrial services.  The Court therefore orders Defendant's release from custody pending trial in this matter.  While on pretrial release, the Defendant is to be equipped at all time with electronic monitoring.  As soon as the electronic monitoring can be set up at the Defendant's home, pretrial will notify the U.S. Marshal's office and the Defendant shall be released.  Defendant shall comply with all conditions imposed by pretrial services, including specifically the electronic monitoring and drug testing and counseling.

In light of Defendant's release from custody pending trial, he has agreed to withdraw his other Motion to move up the trial date and therefore waive his speedy trial time.  Defendant's Motion (Doc. 61) is therefore denied as moot.  The trial in this matter shall remain set for October 23, 2006.

**IT IS SO ORDERED.**

/s/ George C. Smith  
**GEORGE C. SMITH, JUDGE**  
United States District Court